**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 23, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_____
**Arthur I. Harris**

**Dated: February 23, 2007**  **United States Bankruptcy Judge**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-13117 |
| JAMES HARRIES CREWS, and | ) | |
| EVELYN TERESA CREWS, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | _____ |
| | ) | Case No. 06-15255 |
| In re: | ) | |
| MARK EDWARD HAMBLETON, and | ) | Chapter 13 |
| KATHLEEN JANE HAMBLETON, | ) | |
| | ) | |
| Debtors. | ) | Judge Arthur I. Harris |

### MEMORANDUM OF OPINION[1]

These two cases are currently before the Court on the Chapter 13 trustee's objections to confirmation of the debtors' respective Chapter 13 plans. During proceedings in open court on January 25, 2007, counsel for the Chapter 13 trustee indicated that, in each case, his objection was limited to a single argument – that

---

[1]This opinion is not intended for official publication.

the debtors improperly claimed on their amended Form B22C a transportation ownership expense for a vehicle that the debtors own free and clear of any liens. For the reasons that follow, the Chapter 13 trustee's objections are overruled, and the Court will enter separate orders in each case confirming the debtors' respective Chapter 13 plans.

## JURISDICTION

Confirmations of plans are core proceedings under 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS AND PROCEDURAL BACKGROUND
## JAMES AND EVELYN CREWS, CASE NO. 06-13117

James and Evelyn Crews filed their Chapter 13 case on July 21, 2006. According to their amended Form B22C, line 21, their "**Annualized current monthly income for § 1325(b)(3)**" is $83,905.32. This exceeds the "**Applicable median family income**" of $57,268.00 in Ohio for a family of three – the Crewses' household size, as indicated in Form B22C, line 16.[2]

---

[2] This is identical to the median income figure posted as of February 23, 2007, at the U.S. Trustee website *http://www.usdoj.gov/ust/eo/bapcpa/20060213/bci_data/median_income_table.htm* for Ohio residents with a family size of three, who filed cases between

2

The Crewses list three vehicles in their amended Schedule B: (1) a 2004 Honda Accord, with 51,000 miles and a current value of $18,000.00; (2) a 1993 Mazda 626, with 140,000 miles and a current value of $470.00; and (3) a 1977 Cadillac DeVille, "inoperable" and with a current value of $250. The 2004 Honda Accord is owned subject to a lien, but the Crewses own the other two cars free and clear of any liens.

In their amended Form B22C, line 27, the Crewses checked the box for two or more vehicles and listed $362 for "**Local Standards: transportation; vehicle operation/public transportation expense.**"[3] The Chapter 13 trustee does not object to the Crewses claiming this vehicle operation expense.

In their amended Form B22C, line 28, the Crewses checked the box for two or more vehicles and listed $108.93 for "**Local Standards: transportation ownership/lease expense; Vehicle 1.**" This figure is the difference between $471

---

February 13, 2006, and September 30, 2006.

[3] This is identical to the figure posted as of February 23, 2007, at the U.S. Trustee website
*http://www.usdoj.gov/ust/eo/bapcpa/20060213/bci_data/IRS_Trans_Exp_Stds_MW.htm*
for IRS Local Transportation Expense Standards for Operating Costs for debtors in the Cleveland, Ohio, Metropolitan Statistical Area who filed cases between February 13, 2006, and September 30, 2006.

listed in line 28a for "IRS Transportation Standards, Ownership Costs, First Car"[4] and $362.07 listed in line 28b for "Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47." The Chapter 13 trustee does not object to the Crewses claiming this transportation ownership expense for their first vehicle, the 2004 Honda Accord, which is owned subject to a lien.

In line 29, the Crewses listed $332.00 for "**Local Standards: transportation ownership/lease expense; Vehicle 2.**"[5] The Chapter 13 trustee does object to the Crewses claiming this $332.00 transportation ownership expense for a vehicle that the Crewses own free and clear of any liens.

In their modified Chapter 13 plan dated December 22, 2006, the Crewses propose to pay the Chapter 13 trustee $1,150 per month. The Crewses propose to pay nothing to allowed general unsecured claims. At a confirmation hearing on

---

[4] This is identical to the figure posted as of February 23, 2007, at the U.S. Trustee website *http://www.usdoj.gov/ust/eo/bapcpa/20060213/bci_data/IRS_Trans_Exp_Stds_MW.htm* for IRS Local Transportation Expense Standards for Ownership Costs First Car for debtors in the Cleveland, Ohio, Metropolitan Statistical Area who filed cases between February 13, 2006, and September 30, 2006.

[5] This is identical to the figure posted as of February 23, 2007, at the U.S. Trustee website *http://www.usdoj.gov/ust/eo/bapcpa/20060213/bci_data/IRS_Trans_Exp_Stds_MW.htm* for IRS Local Transportation Expense Standards for Ownership Costs Second Car for debtors in the Cleveland, Ohio, Metropolitan Statistical Area who filed cases between February 13, 2006, and September 30, 2006.

4

January 25, 2007, the Chapter 13 trustee indicated that the only remaining objection to confirmation was the Crewses claiming the $332.00 transportation ownership expense for a second vehicle that the Crewses own free and clear of any liens. On January 25, 2007, the Court orally explained why it would overrule the Chapter 13 trustee's objection and indicated that it would elaborate its reasoning in a written opinion to follow.

FACTS AND PROCEDURAL BACKGROUND
MARK AND KATHLEEN HAMBLETON, CASE NO. 06-15255

Mark and Kathleen Hambleton filed their Chapter 13 case on October 29, 2006. According to their amended Form B22C, line 21, their "**Annualized current monthly income for § 1325(b)(3)**" is $53,430.12. This exceeds the "**Applicable median family income**" of $46,376.00 in Ohio for a family of two -- the Hambletons' household size, as indicated in Form B22C, line 16.[6]

The Hambletons list three vehicles in their Schedule B: (1) a 1999 Olds Cutlass, with 86,000 miles and a current value of $800.00; (2) a 1996 Buick Regal, with 115,000 miles and a current value of $200.00; and (3) a 1995 Chevy Beretta,

---

[6] This is identical to the median income figure posted as of February 23, 2007, at the U.S. Trustee website *http://www.usdoj.gov/ust/eo/bapcpa/20061001/bci_data/median_income_table.htm* for Ohio residents with a family size of two, who filed cases between October 1, 2006, and January 31, 2007.

with 105,000 miles and a current value of $150. The Hambletons own all three cars free and clear of any liens.

In their amended Form B22C, line 27, the Hambletons checked the box for two or more vehicles and listed $362 for "**Local Standards: transportation; vehicle operation/public transportation expense.**"[7] The Chapter 13 trustee does not object to the Hambletons claiming this vehicle operation expense.

In their amended Form B22C, line 28, the Hambletons checked the box for two or more vehicles and listed $471 for "**Local Standards: transportation ownership/lease expense; Vehicle 1.**" Similarly, in line 29, the Hambletons listed $332.00 for "**Local Standards: transportation ownership/lease expense; Vehicle 2.**"[8] The Chapter 13 trustee does object to the Hambletons claiming these transportation ownership expenses for vehicles that the Hambletons own free and

---

[7] This is identical to the figure posted as of February 23, 2007, at the U.S. Trustee website *http://www.usdoj.gov/ust/eo/bapcpa/20061001/bci_data/IRS_Trans_Exp_Stds_MW.htm* for IRS Local Transportation Expense Standards for Operating Costs for debtors in the Cleveland, Ohio, Metropolitan Statistical Area who filed cases between October 1, 2006, and January 31, 2007.

[8] These are identical to the figures posted as of February 23, 2007, at the U.S. Trustee website *http://www.usdoj.gov/ust/eo/bapcpa/20061001/bci_data/IRS_Trans_Exp_Stds_MW.htm* for IRS Local Transportation Expense Standards for Ownership Costs for debtors in the Cleveland, Ohio, Metropolitan Statistical Area who filed cases between October 1, 2006, and January 31, 2007.

6

clear of any liens.

In their Chapter 13 plan, the Hambletons propose to pay the Chapter 13 trustee $705.19 per month. The Hambletons propose to pay allowed general unsecured claims a pro-rata share of $35,555.40 or 44 percent, whichever is greater. At a confirmation hearing on January 25, 2007, the Chapter 13 trustee indicated that the only remaining objection to confirmation was the Hambletons claiming transportation ownership expenses for vehicles that they own free and clear of any liens. On January 25, 2007, the Court orally explained why it would overrule the Chapter 13 trustee's objection and indicated that it would elaborate its reasoning in a written opinion to follow.

## DISCUSSION

*Can Above-Median Income Chapter 13 Debtors Take a Transportation Ownership Expense on Form B22C for Vehicles They Own Free and Clear of Any Liens?*

Under 11 U.S.C. § 1325(b)(1) & (2), if the trustee objects, a Chapter 13 plan must pay all "disposable income" during the "applicable commitment period," and disposable income is defined as current monthly income less "amounts reasonably necessary to be expended." In each of the current cases, there is apparently no dispute that debtors' "current monthly income," when multiplied by 12, exceeds the median family income in Ohio for a household of the debtors' size. Therefore,

7

pursuant to 11 U.S.C. § 1325(b)(3), the "[a]mounts reasonably necessary to be expended" in calculating their "disposable income" under 11 U.S.C. § 1325(b)(2) "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)."

> Pursuant to 11 U.S.C. § 707(b)(2)(A)(ii)(I), the debtors monthly expenses shall be the debtor[s'] applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor[s'] actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the areas in which the debtor resides, as in effect on the date of the order for relief . . . .

The IRS Local Standards for transportation contain two categories: (1) operation/public transportation expenses, and (2) ownership/lease expenses. These are reflected on Lines 27 and 28-29 of Official Form B22C. The operation and ownership costs are broken down by Census Region and Metropolitan Statistical Area (MSA) and were derived from data from the Bureau of Labor Statistics (BLS). The Chapter 13 trustee has no objection to the operation portion of the transportation costs taken by the debtors on line 27 of Form B22C. The Chapter 13 trustee does object to the debtors taking transportation ownership expenses for vehicles owned free and clear of any liens. The question for the Court, therefore, is – Can the debtors take a transportation ownership expense for a vehicle owned free and clear of any liens as part of the IRS Local Standards for

8

transportation in calculating the means test under section 707(b)(2) and in determining their disposable income under section 1325(b)(2)?

The Court concludes that the debtors are entitled to the transportation ownership expense even for a vehicle owned free and clear of any liens. The Court's analysis hinges primarily upon whether the "Local Standards" promulgated by the IRS and incorporated by reference into 11 U.S.C. § 707(b)(2)(A)(ii) are (1) fixed allowances or (2) merely caps for *actual* ownership expenses, whichever is less. For several reasons, the Court concludes that, for purposes of the means test calculation under 11 U.S.C. § 707(b)(2)(A) and determining disposable income under 11 U.S.C. § 1325(b)(2), the "Local Standards" are not caps. Rather, the Local Standards are the actual deductions allowed under this provision of the Bankruptcy Code.

First, the Advisory Committee Note to Forms 22A, 22B, and 22C is instructive:

> The IRS Local Standards provide one set of deductions for housing and utilities and another set for transportation expenses, with different amounts for different areas of the country, depending on the size of the debtor's family and the number of the debtor's vehicles. Each of the amounts specified in the Local Standards are treated by the IRS as a cap on actual expenses, but because § 707(b)(2)(A)(ii) provides for deductions in the "amounts specified under the . . . Local Standards," the forms treat these amounts as allowed deductions. The forms again direct debtors to the website of the U.S. Trustee Program to obtain the appropriate allowances.

9

This Advisory Committee Note supports the plain meaning of Section 707(b)(2)(A)(ii) – *i.e.*, that the IRS Local Standards are the proper amounts to be inserted into Forms 22A, 22B, and 22C even if, for IRS internal purposes, a taxpayer would be limited to actual expenses. *Accord In re Farrar-Johnson*, 353 B.R. 224, 230-31 (Bankr. N.D. Ill. 2006):

> Section 707(b)(2)(A)(ii)(I) defines monthly expenses not only as a debtor's "*applicable* monthly expense amounts" under the "National and Local Standards" but also as the debtor's " *actual* monthly expenses" for the categories the IRS specifies as "Other Necessary Expenses." 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). Congress drew a distinction in the statute between "applicable" expenses on the one hand and "actual" expenses on the other. "Other Necessary Expenses" must be the debtor's "actual" expenses. Expenses under the "Local Standards," in contrast, need only be those "applicable" to the debtor-because of where he lives and how large his household is. It makes no difference whether he "actually" has them.

*See also* E. Wedoff, *Means Testing in the New § 707(b)*, 79 Am. Bankr. L.J. 231, 256 (2005) ("[A] plain reading of the statute would allow a deduction of the amounts listed in the Local Standards even where the debtor's actual expenses are less.").

Furthermore, the Advisory Committee Note to Forms 22A, 22B, and 22C indicates: "The ownership/lease component [of the Local Standards for transportation] may involve debt payment." The use of the word "*may*" implies that, for some debtors, the ownership/lease component *may not* involve debt

10

payment.  *Accord* Wedoff, 79 Am. Bankr. L.J. at 256 & n.62.

The Court acknowledges that the Internal Revenue Manual does indicate that the transportation ownership standards *are caps* in the context of analyzing a taxpayer's ability to pay:  "Taxpayers will be allowed the local standard or the amount actually paid, *whichever is less*."  IRM 5.8.5.5.2.[9]  Nevertheless, section 707(b)(2)(A) of the Bankruptcy Code only incorporates the "Local Standards" contained in the Internal Revenue Manual, not all of the detailed collection procedures contained in the Internal Revenue Manual.  *Accord In re Farrar-Johnson*, 353 B.R. at 231:

> Section 707(b)(2)(A)(ii)(I), however, deems the debtor's expenses to be the "amounts specified" in the Local Standards . . . .  It nowhere incorporates wholesale all the IRS criteria for collection matters.

Although other bankruptcy courts are split on this question, this Court believes the better statutory analysis rests with the line of cases holding that the applicable Local Standards are fixed allowances, not caps.  *See*, *e.g.*, *In re Grunert*, 353 B.R. 591, 592-94 (Bankr. E.D. Wis. 2006) (discussing split among bankruptcy courts on this issue and "disagree[ing] with the line of cases that has determined that the debtor must have a car payment in order to claim the Local Standards"); *In*

---

[9] The current version of the Internal Revenue Manual is available as of February 23, 2007, at the IRS website www.irs.gov/irm/index.html.

11

*re Farrar-Johnson*, 353 B.R. at 230-31 (Bankr. N.D. Ill. 2006) (same); *In re Wilson*, ___B.R.___, 2006 WL 3591266 (Bankr. D. Del. Dec. 11, 2006) (adopting reasoning of *Farrar-Johnson*); *In re McIvor*, Case # 06-42566, 2006 WL 3949172 (Bankr. E.D. Mich. Nov. 15, 2006) (same). *But see*, *e.g.*, *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006) (Local Standard deductions only apply to leased or financed vehicle); *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006) (same); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006) (same). *In re Coffin*, Case No. 06-13141 (Bankr. N.D. Ohio Dec. 8, 2006) (same).

Accordingly, the Court concludes that above-median income Chapter 13 debtors can take a transportation ownership expense on Form B22C for vehicles they own free and clear of any liens.

## CONCLUSION

For the foregoing reasons, the Chapter 13 trustee's objections are overruled, and the Court will enter separate orders in each case confirming the debtors' respective Chapter 13 plans.

IT IS SO ORDERED.